34 F.Supp.2d 1145 (1999)
ARCHDIOCESE OF ST. LOUIS and, Papal Visit 1999, St. Louis, Plaintiffs,
v.
INTERNET ENTERTAINMENT GROUP, INC., Defendant.
No. 4:99CV27SNL.
United States District Court, E.D. Missouri, Eastern Division.
January 20, 1999.
Mary Ann L. Wymore, John E. Petite, Greensfelder and Hemker, St. Louis, MO, for plaintiffs.
Leonard J. Frankel, Frankel and Rubin, Clayton, MO, Annette P. Heller, St. Louis, MO, for defendant.

PRELIMINARY INJUNCTION
LIMBAUGH, District Judge.
Plaintiffs move for the issuance of a preliminary injunction enjoining the defendant from using the Internet domain names "papalvisit1999.com", "papalvisit.com" or any colorable variation on the plaintiffs' Papal Visit 1999, St. Louis common law trademarks and/or tradenames. Defendant opposes the application for issuance of a preliminary injunction. On January 8, 1999 this Court entered a temporary restraining order enjoining the defendant from operating the subject websites until such time the matter of the plaintiffs' request for issuance of a preliminary injunction was heard. The matter of the preliminary injunction request was heard by the Court on January 13 and 19, 1999.
Having considered all papers submitted in support of the plaintiffs' application for issuance of a preliminary injunction and in opposition thereto, exhibits submitted by the parties, the relevant caselaw, and having heard testimony and oral argument in open court, the Court finds that:
1. Defendant Internet Entertainment Group, Inc. is subject to personal jurisdiction *1146 in Missouri. See, Maritz, Inc. v. Cybergold, Inc., 947 F.Supp. 1328 (E.D.Mo.1996).
2. Plaintiffs have been the owners of the common law trademarks and tradename "Papal Visit 1999", "Pastoral Visit", "1999 Papal Visit Official Commemorative Items", and "Papal Visit 1999, St. Louis" since July 1998.
3. Plaintiffs have demonstrated a probability of success of proving that defendant Internet Entertainment Group, Inc. has been diluting the distinctiveness of the plaintiffs' family of marks by using the name "papal visit 1999" and derivatives thereof to identify a sexually explicit Internet site, and by using the name string "papalvisit1999.com" and "papalvisit.com" as Internet domain names which, when typed into an Internet-connected computer, provides Internet users throughout Missouri and elsewhere with access to those sites. Defendant's use of plaintiffs' common law trademarks and tradename as its Internet domain names tarnishes the plaintiffs' family of marks by associating them with adult entertainment venues that are inconsistent with the positive and spiritual uplifting image plaintiffs have striven to create and maintain in connection with the Pope's upcoming visit to St. Louis.
4. Plaintiffs have demonstrated a likelihood of success on the merits of their claims that defendant's conduct violates the federal trademark antidilution statute, 15 U.S.C. § 1125(c), and Missouri's antidilution statute, § 417.061 R.S.Mo. Since plaintiffs have demonstrated that they are likely to succeed on the merits of their dilution claims, the Court need not address plaintiffs' remaining trademark infringement claim or state-law claims at this time.
5. Since plaintiffs have shown likelihood of success on their dilution claims, irreparable harm exists as a matter of law. Minnesota Mining and Manufacturing Co. v. Taylor, 21 F.Supp.2d. 1003, 1005 (D.Minn.1998) (citations omitted).
6. The probable harm to plaintiffs from defendant's conduct outweighs any inconvenience that defendant will experience if it is required to stop using the plaintiffs' common law trademarks and tradename as its Internet domain names.
7. The public interest favors entry of a preliminary injunction on the facts of this case.
Accordingly,
IT IS HEREBY ORDERED that plaintiffs' application for issuance of a preliminary injunction (# 8) be and is GRANTED.
IT IS FURTHER ORDERED that defendant Internet Entertainment Group, Inc., its officers, agents, servants, employees and attorneys, and those persons in active concert and participation with defendant who receive actual notice of this preliminary injunction, are immediately enjoined from directly or indirectly using the plaintiffs' common law trademarks and tradename "Papal Visit 1999", "Pastoral Visit", "1999 Papal Visit Commemorative Official Commemorative Items", and "Papal Visit 1999, St. Louis" or any colorable variation thereof which is likely to dilute the distinctiveness of the plaintiffs' marks, in connection with the advertising, operation or maintenance of any Internet website, including but not limited to any sexually explicit material or other pornographic content. Defendant is directed to immediately make affirmative efforts to stop, cancel or discontinue any previously purchased advertising which refers to the plaintiffs' family of marks or defendant's Internet domain names "papalvisit1999.com" and "papalvisit.com".
IT IS FURTHER ORDERED that defendant shall immediately discontinue using the Internet websites or domain names "http://www .papalvisit1999.com" and "http://www.papalvisit.com"; and defendant shall immediately request Network Solutions, Inc. to cancel their "papalvisit1999.com" and "papalvisit.com" domain names registrations, if not done so already.
IT IS FURTHER ORDERED that defendant shall immediately notify in writing and direct all publishers of directories or lists, including Internet search engines, in which defendant's Internet domain names "papalvisit1999.com" and "papalvisit.com" appears, to delete all references to these names from their public databases and search engine directories, and from all future directories in which these domain names are to appear.
*1147 IT IS FURTHER ORDERED that the preliminary injunction shall remain in full force and effect until such time the matter of a permanent injunction is heard by the Court, or this dispute is otherwise finally resolved.
IT IS FINALLY ORDERED that a written memorandum opinion more fully setting out the Court's decision in granting the application for issuance of a preliminary injunction shall be entered in the near future.